UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMGUARD INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BROAN-NUTONE, LLC, JAKEL MOTORS INCORPORATED AND JAKEL INCORPORATED f/k/a JAKEL MOTORS INCORPORATED,<br><br>　　　　　　　　Defendants. | Civil Action No. 7:23-cv-09429-CS |

**O R D E R**

**AND NOW,** this __3rd__ day of __April__, 2024, upon consideration of the attached Stipulation Concerning Documents and Information To Be Produced By the Parties For Use In This Litigation, **IT IS ORDERED** the Stipulation is **APPROVED** and adopted as an Order of this Court.

BY THE COURT:

_Cathy Seibel_
_____
U.S.D.**J.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMGUARD INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>v.<br><br>BROAN-NUTONE, LLC, JAKEL MOTORS INCORPORATED AND JAKEL INCORPORATED f/k/a JAKEL MOTORS INCORPORATED,<br><br>             Defendants. | Civil Action No. 7:23-cv-09429-CS |

### STIPULATION AND PROTECTIVE ORDER CONCERNING DOCUMENTS AND INFORMATION TO BE PRODUCED BY THE PARTIES <u>FOR USE IN THIS LITIGATION</u>

Plaintiff and Defendant possess certain confidential and/or proprietary information, such as, without limitation, personally protected information ("PPI") and engineering, detail and assembly drawings, and similar technical information, which contains proprietary and/or competitively sensitive information (such as design and/or material specifications, tolerances and other similar information), that may be disclosed to the other parties to the above-captioned action in response to various discovery requests. The parties wish to insure any such confidential information shall not be used for any purpose other than this lawsuit and shall not be made public by any of the parties to this action or be otherwise disseminated by the parties except as set forth in this Protective and Confidentiality Order ("Order").

Accordingly, the parties agree, subject to the approval of the Court, the following procedures shall be employed for the protection of the confidential information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1.      For purposes of this Order, confidential information means all materials disclosed, produced, exchanged, or submitted by the parties or any of their current or former agents, employees, consultants or affiliates in connection with this action that contain corporate, contractual or business information regarding the parties, and specifically, any materials related to the design or manufacture of the subject ventilation fan, its parts or components containing proprietary or competitively sensitive information.  By way of example, and not limitation, confidential information may include or be included in documents, papers, manuals, transcripts, answers to interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings and any instruments which comprise, embody or summarize matter the parties consider confidential and desire not to be made public.

2.      Whenever a party produces a document or thing containing information which it deems to be confidential which the party wishes to be subject to this Order, the producing party shall mark or otherwise designate the document or thing "confidential" or shall stamp the document or thing with a Bates Number and the legend "Produced by (the party name) – <u>AmGuard v. Broan</u> - Pursuant to Protective Order" or a substantially similar legend. Any such stamp and/or legend shall be placed on each document so as not to render the document unreadable.  Further, the Bates Number and legend shall be placed on the document in such fashion that the language and Bates Number cannot be excised from the document.  Documents, information and materials so designated by a party are referred to herein collectively as "confidential information".

3.      If any document or thing is marked or designated "confidential" upon the first page thereof, the entire document or thing shall be deemed marked "confidential" with the exception of transcripts of depositions, responses to interrogatories and requests for admissions.  Insofar as concerns transcripts of depositions, responses to interrogatories and requests for admissions the

specific page or pages of such documents containing or disclosing confidential information shall be marked "confidential" while the pages of such documents not marked as such will not be subject to this Stipulation and Confidentiality Order.  Should counsel for the other parties or their representatives include or incorporate any "confidential" information disclosed by a party into another document, such as an abstract, summary, memorandum, trial exhibit or notes, counsel for the other parties and their representatives shall mark any such document as being "confidential" and subject to the terms of this Order.

4. All material a party designates "confidential" in this action shall be maintained in strict confidence by the other parties and, except as otherwise provided herein, used solely by their counsel in the preparation or trial of this action.  The other parties may disclose or permit to be disclosed material which is designated "confidential" to any persons, including, without limitation, consultants, experts, or others retained by the other parties, fact witnesses, clients, client representatives and court reporters, provided however:

(a) Access to material which a party designates "confidential" shall be restricted to those persons required to review or see such information in either the prosecution or defense of this lawsuit; and

(b) By executing this Order counsel for the other parties undertake to abide and be bound by its provisions and to use due care to see its provisions are known and adhered to by those under their supervision or control; and

(c) When the other parties or their attorneys intend to disclose to consultants or experts or others retained by them in the preparation of this case material that a party has designated "confidential", counsel for the other parties shall supply each such person receiving the disclosure

with a copy of this Protective Order. Each such person shall execute a written statement under oath, in the form appended hereto as Exhibit "A", acknowledging they are familiar with the provisions of this Protective Order and agree to abide by them. Counsel for the other parties will maintain the original executed written statement with a copy of the Protective Order attached thereto in their possession until the conclusion of this litigation. At the conclusion of this litigation, counsel for the other parties shall advise counsel for the producing party of the names of all individuals to whom "confidential" material was disclosed and provide counsel for the producing party with the original executed written statements referenced above.

5. Whenever a deposition taken on behalf of any party hereto involves a disclosure of confidential information, the producing party shall designate during the deposition the portion thereof disclosing or containing confidential information. As soon as the producing party makes such designation, the following provisions shall apply:

(a) The pages of the transcript containing or disclosing confidential information shall be considered confidential and shall be taken subject to the provisions of this Order. Such designation shall be made on the record whenever possible, but the producing party may designate portions of the transcripts of depositions as containing confidential information after transcription, provided that written notice of such designation is promptly given to counsel for the other parties; and

(b) The portions of the originals of the deposition transcripts and all copies thereof shall bear the legend "confidential" and any portion thereof if filed with the Court will be submitted to the Court under seal.

6. (a) In the event counsel for any party determines to file with the Court any "confidential" information or material or any papers containing or making reference to such material or information, such documents or the portions of them containing or disclosing "confidential" information or material will be submitted to the Court for filing in a sealed envelope.

(b) If material designated "confidential" is used at trial, it may be exhibited to the Court, the jury and any witness in open court, but shall be returned to the party offering the "confidential" material at the end of the trial. After such return, the provisions of this Order shall continue to cover the "confidential" material.

7. If any of the other parties believe that a producing party has improperly designated any document or other material as being subject to this Protective and Confidentiality Order, they shall notify counsel for the producing party in writing of this contention and provide counsel for the producing party with the Bates Number(s) of or otherwise identify the document or portion thereof they believe should not be subject to this Protective and Confidentiality Order. Within twenty-one (21) days of receipt of such written notification from counsel for one of the other parties, counsel for the producing party may petition the court seeking a declaration that the document or material at issue shall remain subject to this Protective and Confidentiality Order. In any proceedings with respect to any such petition, the burden of proving the right to a Protective and Confidentiality Order shall be on the producing party as if this Stipulation and Order did not exist. Pending resolution by the court of any such motion or petition, the document or other material at issue will remain subject to this Protective and Confidentiality Order. If counsel for the producing party does not within twenty-one (21) days of receipt of the aforementioned written notification from counsel for one of the other parties seek an order from the court requesting the document or

other material at issue remain subject to this Protective and Confidentiality Order, the document or other material at issue will no longer be subject to this Protective and Confidentiality Order.

8. By signing this Agreement, the parties are not deemed to have waived the objection to discovery that confidential documents are not discoverable on the basis of being confidential and/or containing proprietary or trade secret information. Nothing in this Order shall preclude a party from seeking protection from this discovery on other grounds.

9. This Order or the production of documents, things or information by a party in this action for inspection, copying or disclosure to the other parties shall not be deemed to waive any claim of attorney/client privilege or attorney work product protection that might exist with respect to these or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents a party may produce.

10. All confidential information produced by a party in this litigation shall be securely maintained. Distribution of or access to any such confidential information shall occur only in strict accordance with the terms of this Order.

11. Immediately after entry of final judgment, settlement or dismissal in connection with this action, counsel for the other parties shall return to the producing party all documents and things or transcripts of depositions which have been designated as "confidential" pursuant to this Order. In the event any party appeals from a decision of the trial court in this lawsuit, counsel for all other parties may retain confidential documents, things and transcripts for purposes of post-trial motions and/or appeals from a judgment entered by the trial court. Counsel for all parties shall return all confidential documents and things or transcripts upon final disposition of the matter on appeal. If the case is remanded to the trial court after an appeal, said documents shall be returned to counsel for the producing party after entry of final judgment, settlement or dismissal.

12. All persons bound by this Order shall not advertise that they have received or reviewed confidential information obtained from the producing party in this litigation, whether described specifically or generally.

13. All persons bound by this Order shall not sell, offer, advertise, publicize or provide under any condition to any competitor of the producing party the confidential information disclosed by the producing party in this litigation.

14. All persons reviewing or receiving confidential information subject to this Order agree to the exercise of personal and subject matter jurisdiction in the United States District Court for the Southern District of New York for the purpose of any and all actions seeking to enforce the terms and conditions of this Order, for contempt or requesting sanctions for violation of the terms of this Order.

15. Upon the conclusion of this litigation, all confidential information and all copies, notes, lists, memorandum or indices thereof, excluding the work product of counsel, shall be returned by messenger delivery or First Class Mail to counsel for the producing party. Cost of delivery will be paid by counsel for the producing party.

| de LUCA LEVINE LLC | FAEGRE DRINKER BIDDLE & REATH LLP |
|---|---|
| BY: /s/ Joseph L. McGlynn<br>Joseph L. McGlynn, Esquire<br>512 E. Township Line Road, Suite 220<br>Blue Bell, PA 19422<br>(215) 383-0081<br>Email: *jmcglynn@delucalevine.com*<br><br>*Attorney for Plaintiff* | BY: */s/ Justin M. Ginter*<br>Justin M. Ginter, Esquire<br>600 Campus Drive<br>Florham Park, NJ 07932<br>(973) 549-7344<br>Email: *justin.ginter@faegredrinker.com*<br><br>*Attorney for Defendant,*<br>*Broan-NuTone, LLC* |

Dated: April 2, 2024

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMGUARD INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>BROAN-NUTONE, LLC, JAKEL MOTORS INCORPORATED AND JAKEL INCORPORATED f/k/a JAKEL MOTORS INCORPORATED,<br><br>                    Defendants. | Civil Action No. 7:23-cv-09429-CS |

STATE OF                                                              :
                                                                                : ss.
COUNTY OF                                                         :

_____, being duly sworn, depose and says as follows:

    1.    I have been requested by one of the parties to the above-captioned matter through their counsel to inspect certain material, which is confidential within the terms of the Protective and Confidentiality Order issued by the Court in this action, for purposes of assisting counsel to prepare for and trying this case.

    2.    I have read the Protective and Confidentiality Order entered in this action on _____, 2021, and I agree to be bound by it in the same way the parties to the action are bound.

    3.    I hereby agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the undertaking I have made herein and I appoint counsel for the party who/which retained me as my agent to receive service of process in that connection.

_____

Sworn to and Subscribed by me
this _____ day of
_____, 2024

_____
NOTARY PUBLIC